## JOEL M. HOLDEN *vs.* JOHN COSGROVE.

An indorsee of a negotiable promissory note made for an illegal consideration must prove that he gave value for it, before he can recover upon it.

A note given in renewal of a note made for an illegal consideration is open to the same defence of illegality.

The repeal of the *St.* of 1852, *c.* 322, by the *St.* of 1855, *c.* 294, does not render valid a note given for liquors sold in violation of the former statute, nor a note given in renewal thereof since the latter statute took effect.

An objection that a certain defence is not raised by the answer cannot be first taken after the case has been argued to the jury.

ACTION OF CONTRACT by indorsee against maker of a promissory note. At the trial in the superior court of Suffolk at March term 1857, the plaintiff produced the note declared upon and proved its execution and indorsement, and rested his case.

The defendant introduced evidence that the note in suit was given for the amount remaining due on a larger note given by him for spirituous liquors sold to him by the indorser in 1853 and 1854, in violation of the *St.* of 1852, *c.* 322. The plaintiff offered no other evidence.

*Nash,* J., instructed the jury that the plaintiff by producing the note and proving the signatures, had established a *prima facie* case; that the law presumes the holder of a negotiable note to be a *bona fide* holder for value, before maturity, but that if the jury found that the note was tainted with illegality in its inception, it was necessary for the plaintiff to show that he gave value for the note, and if, the illegality having been established, he did not introduce such evidence, they should find a verdict for the defendant; that if the original note was given for an illegal consideration, and this note was given in renewal of it, then the law deemed the second note to be founded on an illegal consideration, and this defence would apply to it, and the fact that the defendant knew his legal rights at the time made no difference; and that if the note was given for liquors sold in violation of the *St.* of 1852, the repeal of that statute did not purge it of its illegality, and the note in suit given in renewal thereof after such repeal would be deemed in law to be founded on an illegal consideration.

Holden *v.* Cosgrove.

The judge further ruled that an objection that this defence was not open under the answer could not first be taken after the arguments had been made to the jury.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*I. W. Richardson,* for the plaintiff.

*B. Dean,* for the defendant.

METCALF, J. 1. The main instruction given to the jury, on the trial of this case, is sustained by the settled law; namely, that if the note in suit was founded on illegality, the indorsee thereof must show, before he can recover on it, that he gave value for it. *Sistermans* v. *Field,* 9 Gray, 331. And all the other instructions were right.

2. The same defence, which the defendant might have made to an action by an indorsee of the note originally given by him, may be made by him in this action on the note given in renewal of the original note. Both notes were given for the same unlawful consideration. *Pickering* v. *Banks,* Forrest, 72. *Western Bank* v. *Mills,* 7 Cush. 546. *Mills* v. *Rice,* 6 Gray, 464.

3. The repeal of the statute of 1852, *c.* 322, which made unlawful the sales of the liquors for which the note in suit was given, did not legalize those sales, nor affect, in any way, the right of the defendant to maintain this defence. An act which, when it was done, was made unlawful by statute, is not made lawful by the repeal of that statute; though the repealing statute, unless it is otherwise provided therein, bars all subsequent proceedings under the repealed statute. But in the *St.* of 1855, *c.* 215, § 39, which repealed *St.* 1852, it was expressly provided that the repeal should not affect any action already commenced, or which might thereafter be commenced, or any rights acquired or liabilities incurred by virtue of any existing law, on account of anything done before the repeal should take effect.

4. The objection to the admissibility of the defendant's evidence, under his answer, not having been made until after the arguments to the jury were closed, is not now open to the plaintiff. *Burnett* v. *Smith,* 4 Gray, 51. *Horne* v. *Bodwell,* 5 Gray, 457. *Jones* v. *Sisson,* 6 Gray, 294.

*Exceptions overruled.*